IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL GEATCHES                                                                      PLAINTIFF

V.                                     Civil No. 2:16-CV-02272

DORIS DELPH                                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Michael Geatches, filed this case *pro se* and *in forma pauperis* on November 22, 2016. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3)(2011), the Honorable P. K. Holmes, III, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Correction (ADC), Varner Unit. Plaintiff's Complaint alleges that Defendant, Doris Delph, a private citizen, violated his civil rights by "committing slander" against him in her communications to the Arkansas Department of Human Services (DHS) and Van Buren Police Department. (ECF No. 1, pp. 1, 3-4).

Service to Defendant's last-known address in Indiana was entered on February 7, 2017. (ECF No. 8). Summons was returned unexecuted on March 9, 2017. (ECF No. 12). An Order Authorizing Service by Warning Order was entered on June 27, 2017, warning Defendant to appear within thirty days. (ECF No. 19). On August 14, 2017, Plaintiff filed an Amended Complaint adding several new claims. (ECF No. 22). On September 19, 2017, Plaintiff filed a Motion for Default Judgment. (ECF No. 24). On September 20, 2017, the Court entered an Order denying Plaintiff's Motion, and directing Plaintiff to file a Supplement to explain how the claims

in his Amended Complaint were related to his current incarceration or any criminal conviction in Plaintiff's record. (ECF No. 25).

Plaintiff filed his Supplement on October 25, 2017, as well as a Motion for Service by Posting Warning. (ECF No's. 30, 31). In his Supplement, Plaintiff requested that his claims for Filing a False Report with a Law Enforcement Agency and Tampering be dismissed, and that his claims for Slander, Attempting to Influence a Public Servant, False Swearing, and Obstructing Government Operations proceed. (ECF No. 30, p. 1). Plaintiff alleges: "Plaintiff is incarcerated on the charge of Sexual Assault 2nd Degree. It should be noted that Plaintiff has claimed his innocence throughout but accepted a plea because Plaintiff was told that if he did not take the plea, his wife would be charged as well." (ECF No. 1, p. 4). Plaintiff further alleges "[w]hile the claims Plaintiff is raising do play a role in his incarceration, he is not challenging his conviction with this suit." (ECF No. 30, p. 5).

In describing Defendant's role in the loss of his parental rights and subsequent criminal conviction, Plaintiff alleges he was arrested and charged with forgery on March 18, 2014, at which time his children were placed with DHS due to his incarceration. (ECF No. 30, p. 2). The forgery charge was later dismissed, as were other charges against Plaintiff for allegedly abusing his daughter, "A. D." (*Id.*). Plaintiff alleges Defendant got involved at that point, and Defendant told DHS the Plaintiff was a serial child molester and he had repeatedly abused A. D. and other children. (*Id.*). Due to Defendant's accusation, Plaintiff alleges visitation with his children was reduced to one hour per week under supervision. (*Id.*). Plaintiff also alleges a DHS caseworker, Keith Thomas, told him that "he was going to ensure that I never see my children again." (*Id.*). Plaintiff was ordered to undergo sex offender treatment "simply because of this accusation that the Defendant made against the Plaintiff." (ECF No. 30, pp. 2-3).

Plaintiff alleges DHS acted on Defendant's accusations and ordered Plaintiff's 7-year old daughter "G. G." to undergo a rape exam, which was normal and showed no sign of abuse. (ECF No. 30, p. 3). Plaintiff avers DHS also ordered G. G. to be interviewed by the Child Advocacy Center, during which interview G. G. emphatically denied any abuse. (*Id*.). Plaintiff alleges that after "enduring the traumatic rape exam, multiple interrogations by D.H.S., being placed in therapy and labeled a victim of sexual abuse, and being interviewed by the Child Advocacy Center for no reason other than Defendant's claims," Plaintiff's daughter "mimicked the false claim by the defendant and said she had been abused." (*Id*.). Plaintiff emphasizes this did not occur until after two months of "constant harassment and prodding," and the "terminology used by G. G. changed drastically from earlier interviews." (*Id*.). Plaintiff further alleges that:

> "Due to the malicious and manipulative actions of the Defendant, Defendant had already convinced D.H.S. that Plaintiff was a child sex offender. D.H.S. pre-emptively [sic] sought out an arrest warrant for the charge of Rape. The Warrant was issued on September 8, 2014 ... which is 15 days prior to the accusation being made on September 22, 2014.
>
> Due to this new charge, that the Defendant orchestrated, Plaintiff's oldest daughter, A. D., was once again deceived into thinking that Plaintiff had committed these horrendous and unspeakable acts and in doing so covered up the malicious and intentional acts that the Defendant had been doing for the previous 10 years."[1]

(ECF No. 30, pp. 3-4)

## II. DISCUSSION

Based on Plaintiff's description of the case, Defendant's accusations to DHS were both the genesis and the lynchpin of Plaintiff's sexual assault charge. As such, this case is barred under the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim seeking damages for "allegedly unconstitutional conviction or imprisonment, or for other harm

---

[1] The exact nature of the relationship between Plaintiff and Defendant is not clear from the Complaint, the Amended Complaint or the Plaintiff's Supplement.

3

caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Here, Plaintiff alleges that Defendant's accusations were key to the criminal case against him. Thus, any finding by this Court that Defendant's accusations were untruthful, slanderous, and unlawful would directly affect the validity of his state court conviction. *See Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996) (per curiam) (false testimony and malicious prosecution claims are *Heck*-barred as they necessarily imply invalidity of conviction or sentence). Moreover, Plaintiff alleged he plead guilty to the charge of Sexual Assault in the Second Degree, and he has not alleged that his conviction was reversed, expunged, declared invalid, or called into question. *See United States v. Saean*, 583 F.3d 1059, 1061 n. 3 (8th Cir. 2009) (any guilty plea, including an *Alford* plea, results in a conviction); *Carmi v. City of St. Ann, Missouri*, 22 F. App'x 674, 675 (8th Cir. 2001) (guilty plea extinguished arrest and search claims); *Havens v. Johnson*, 783 F.3d 776, 784 (10th Cir. 2015) ("the *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained"). Plaintiff has not alleged that he was unable to petition for *habeas corpus* relief. While Plaintiff's criminal case may have begun with Defendant's allegedly false accusations, it ended with Plaintiff's guilty plea. Plaintiff's claims against Defendant are, therefore, barred by the *Heck* doctrine.

### III. CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of November 2017.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE